UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RODERICK WOODS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00388-SEB-TAB |
| | ) | |
| J. WRIGLEY, | ) | |
| | ) | |
| Respondent. | ) | |

### Order Dismissing Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment

The petition of Roderick Woods for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenges the rescission of previously restored earned credit time by the Indiana Department of Correction (IDOC). Respondent seeks dismissal of the petition for failure to exhaust his state court remedies. For the reasons explained in this Order, the motion to dismiss must be **granted**.

### I.      Procedural History

On January 14, 2010, the IDOC restored 340 days of Mr. Woods' previously deprived credit time. Dkt. 11-14 at 1. On March 5, 2025, the IDOC rescinded the restored 340 days of credit time because it discovered that Mr. Woods had not been conduct clear for 6 months when the restoration was granted. Dkt. 11-13. Mr. Woods challenges that rescission.

### II.      Discussion

Respondent argues that Mr. Woods failed to exhaust his claims by bringing them to a state court. The Court agrees. Habeas petitioners must exhaust their available state court remedies before coming to federal court. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Indiana state courts lack jurisdiction to review due process claims when they relate to the original deprivation of earned credit time, *see Blanck v. Ind. Dept. of Corr.*, 829 N.E.2d 505 (Ind. 2005), but Mr. Woods is not challenging the loss of earned credit time. Rather, he is challenging the IDOC's failure to restore previously deprived earned credit time, a claim that Indiana courts have authority to review. *See Young v. Ind. Dept. of Corr.*, 22 N.E.3d 716 (Ind. Ct. App. 2014); *Budd v. State*, 935 N.E.2d 746 (Ind. Ct. App. 2010).

As noted, Mr. Woods has not brought his restoration challenge to the state courts. Procedural default caused by failure to exhaust state court remedies can be overcome if the petitioner shows cause and prejudice or shows that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). While Mr. Woods objects to the IDOC's rescission of the previously restored earned credit time, he has not shown cause and prejudice. Dkt. 13.

### III.    Conclusion

Mr. Woods has failed to exhaust his state court remedies and has not shown cause and prejudice. Therefore, Respondent's motion to dismiss, dkt. [11], is **granted** and the action is **dismissed without prejudice** for failure to exhaust state court remedies. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:    6/11/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RODERICK WOODS
931847
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

John Oosterhoff
Office of Indiana Attorney General
john.oosterhoff@atg.in.gov